ELLING, appellant, *v.* KIRKPATRICK ET AL., respondents.

ASSIGNMENT FOR BENEFIT OF CREDITORS — *Attachment by consenting creditor.*— A creditor of an insolvent who, after consenting to an assignment by him of all his property for the benefit of creditors, under which he is certain to receive his proportion of property assigned, cannot, without attacking the assignment for fraud or otherwise, procure an attachment against the property of the insolvent.

*Appeal from Second District, Beaverhead County.*

THE opinion states the facts.

SMITH & MELTON, for the appellants, refer to R. S. of Montana, 1st div. sec. 179; *Porter* v. *Brooks,* 35 Cal. 199; 36 Cal. 313–463; Drake on Attachment, sec. 35, and note 4 thereto.

THOS. J. GALBRAITH, for the respondent. The deed of assignment for benefit of creditors, assented to by appellant,

was *security* within the letter and spirit of the law, and the affidavit for attachment false and insufficient. *Wilkie* v. *Cohn*, 54 Cal. 212; Burrill on Assignment, 4th ed. pages 1–17.

Wade, C. J. This is an appeal from an order dissolving an attachment. Our statute provides, among other things, that an attachment may issue, if the party applying for the same is not secured by mortgage, lien, or pledge, upon real or personal property. The affidavit for an attachment is in compliance with the statute, and sets forth that the debt for which the plaintiff brings the action is not secured by any mortgage, lien or pledge upon real or personal property. The testimony shows that the respondents (defendants) were the owners of a large stock of merchandise, and being in embarrassed circumstances, on the 11th day of December, 1883, made an assignment of their property for the benefit of their creditors. The assignment declares that all the property of the assignors is assigned, except their homesteads and household furniture. The assignment is not in any manner attacked by the appellant for fraud, or otherwise. Certain creditors are preferred and among them the appellant, who in writing consents to the assignment, probably for the reason that he is a preferred creditor. At the time the attachment was issued at the suit of the appellant the assignees had not fully performed their trust, and at that time it was not known whether the preferred creditors would receive the full amount of their claims or not, but the assignees testify that the appellant was certain to receive a portion of his claim, and that there was, or would be, money in their hands arising out of the assigned property, applicable for that purpose.

The question now presented is whether the appellant, having consented to the assignment because of the benefits he was to receive therefrom, and not attacking the assignment for fraud or otherwise, and who was certain to receive his proportion of the property assigned, which was all the property

of the assignors, as stated in the instrument of assignment, and which statement the appellant does not question or deny, had such security for his debt as prohibited him from applying for and procuring an attachment against the property of the respondents. We think an assignment under such circumstances the very best security a creditor can have. It is equivalent to a mortgage under which the property has been seized to be applied upon the creditor's debt. The creditor having consented to an assignment for his benefit, which declares that all of the property of his debtor has been assigned, which property is thereby appropriated and pledged to the creditors according to the amount of their respective claims, and confessing that the assignment is honest and fair, by not attacking the same, stands in no position to demand an attachment against his debtor.

If his security had not been adequate, or if it had failed, he might have so stated in his affidavit, as the statute provides, and by telling the truth been entitled to an attachment that could not have been dissolved. But the affidavit as made was untrue. So far as appears, the debt was secured and the attachment must fall.

The judgment is affirmed with costs.